UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FITZGERALD MAYHAN,

Plaintiff,

vs.

TOMOCREDIT, INC.,

Defendant.

Case No. 6:25-cv-1324-CEM-RMN

# ORDER

This matter is before the Court without oral argument on the Defendant's Motion to Compel Arbitration and Stay Further Proceedings (Dkt. 20), filed September 15, 2025. Plaintiff opposes the Motion. *See* Dkts. 22, 27. The motion has been referred to a magistrate judge for adjudication. Upon consideration, the Motion is denied without prejudice.

## I. BACKGROUND

Plaintiff filed this class action lawsuit against Defendant, alleging violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA"). Dkt. 1 at 1. Defendant moves to stay this case and compel the Plaintiff to pursue his claims in arbitration based on a provision that the Defendant

contends the Plaintiff agreed to when he applied for a "Tomo Card Mastercard" through "Tomo's web-based application portal." Dkt. 20 at 2. Plaintiff argues there is no valid arbitration agreement because there are reasons to believe his application "was submitted by a fraudster," Dkt. 22 at 6, and a search of his email and web-browser did not "show[] any record of any interaction" between him and Defendant,[1] Dkt. 27-1 ¶¶ 10-11.

## II. LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement in any contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides a federal "policy favoring arbitration." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). But "[t]he federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id.* at 418.

The existence of a valid arbitration agreement is a threshold issue for ruling on a motion to compel arbitration. *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). If the Court finds that no

---

[1] Plaintiff also argues his claims fall outside the scope of the arbitration provision and that provision is ambiguous. Dkt. 22 at 2. Because I find there to be a disputed issue of material fact as to whether Plaintiff agreed to the provision, this order does not address these arguments. Plaintiff may renew these arguments at the appropriate time.

agreement exists, it "cannot compel the parties to settle their dispute in an arbitral forum." *Id.* When a party moves to compel arbitration, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, . . . shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

The determination of whether parties have agreed to submit a dispute to arbitration is an issue of law subject to judicial resolution. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010). Generally, this requires the district court to apply standard principles of state contract law. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 939 (1995). "Under Florida law, a party has a right to arbitrate where: (1) a valid, written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." *Derriman v. Mizzen and Main LLC*, 710 F. Supp. 3d 1129, 1134 (M.D. Fla. 2023); *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999).

To determine whether a party entered into an arbitration agreement, district courts apply a "summary judgment-like standard." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016). Thus, courts ask whether "'there is no genuine issue as to any material fact' concerning the formation of such an agreement." *Id.*

(quoting Fed. R. Civ. P. 56(a)). When a genuine dispute exists, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4.

## III. ANALYSIS

Attached to the Motion, the Defendant provides the terms of use, a declaration from its CEO, and a redacted image of the Plaintiff's alleged application. Dkt. 20. Plaintiff argues the Defendant fails to show a valid agreement to arbitrate exists. Dkt. 22 at 4. Plaintiff disputes that he submitted any application. *Id.* at 6. In support of this assertion, the Plaintiff points to the CEO's declaration, which states the application was rejected because "the social security number . . . provided was connected to multiple identities which raised concerns." Dkt. 20-2 ¶ 12. Plaintiff asserts this suggests that the Defendant "suspected the application was submitted by a fraudster, not by Plaintiff." Dkt. 22 at 6. Plaintiff's declaration maintains that he conducted a search of his email and web-browser history, which showed no record of any interaction between himself and Defendant in 2021. Dkt. 27-1 ¶¶ 10–11.

Taking this evidence in the light most favorable to Plaintiff, Plaintiff has raised an issue of material fact as to whether he agreed to Defendant's arbitration agreement. *See Mitchell v. Precision Motor Cars Inc.*, No. 8:17-cv-376, 2017 WL 1361528, at *3 (M.D. Fla. Apr. 14, 2017) (holding a plaintiff raised a disputed issue of material fact where the plaintiff unequivocally denied completing the credit

application and provided a detailed description of the application she signed); *see also Adams v. Genesis Eldercare Rehab. Servs., LLC*, No. 5:23-cv-441, 2023 WL 12078000, at *4 (M.D. Fla. Nov. 3, 2023) (holding a plaintiff raised an issue of material fact where the plaintiff denied ever seeing the agreement and she had refused to sign the agreement before); *Tarrau v. Club Demonstration Servs. Inc.*, No. 24-cv-24397, 2025 WL 660056, at *3 (M.D. Fla. Feb. 28, 2025) (holding a plaintiff raised an issue of material fact where the plaintiff stated she did not sign the agreement, her knowledge of English was limited, and no one informed her she was signing an arbitration agreement).

Though an unsupported affidavit is insufficient to create a genuine issue of material fact concerning the validity of an arbitration agreement, Plaintiff here provides more than a conclusory allegation that he did not sign the agreement. *Cf. Exceen v. Ramirez*, No. 8:24-cv-880, 2024 WL 3327509, at *3 (M.D. Fla. June 13, 2024) (compelling arbitration where a defendant showed the plaintiff could not have attended an appointment without assenting to the arbitration agreement and the plaintiff "merely stated that he 'has no recollection of ever seeing the attached Terms of Use"); *Eyth v. Spectrum Charter Commc'ns, Inc.*, No. 8:23-cv-1878, 2024 WL 1833011, at *7 (M.D. Fla. Apr. 26, 2024) (compelling arbitration where a plaintiff stated he "doubts [the agreement] was sent to him" and did not provide any other facts or evidence). Plaintiff states he checked his email and web-browser

history for the period the Agreement was allegedly created, and he declares, under penalty of perjury, that there is no record of any interaction between him and the Defendant. Dkt. 27-1 ¶¶ 10–11. Furthermore, there is testimony suggesting someone may have fraudulently applied for a credit card using the Plaintiff's personal information. *Id.* ¶ 9; *see also* Dkt. 20-2 ¶ 12. Taken together, this evidence and testimony squarely raises a dispute as to whether the Plaintiff was the individual who completed and submitted the application, thereby agreeing to be bound by the associated terms and conditions (including the arbitration provision).[2]

Accordingly, it is **ORDERED** the Defendant's Motion to Compel Arbitration (Dkt. 20) is **DENIED without prejudice**.

**Notice to Parties**

"A party may serve and file objections to [an] order [issued by a magistrate judge] within 14 days after being served with a copy." Fed.

---

[2] Defendant may show through discovery that the Plaintiff in fact was the individual who submitted the application. For instance, the banking or other information submitted with the application may be associated with the Plaintiff. *See Bannister v. Sally Beauty Supply, LLC*, No. 3:19-cv-143, 2020 WL 8223534, at *4 (M.D. Fla. Dec. 15, 2020) (compelling arbitration where evidence showed the plaintiff provided information which he admitted no one else would have access to). But currently, given the applicable "summary judgment-like standard," the Defendant has not satisfied its burden.

R. Civ. P. 72(a). Where, as here, a magistrate judge enters an order on a pretrial matter not dispositive of a claim or defense, *see, e.g.*, *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (noting, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute . . . [the FAA] compels the court to stay the proceeding"), a party that fails to timely challenge the order in the district court "waive[s] his right to appeal those orders." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007).

**DONE** and **ORDERED** in Orlando, Florida, on October 22, 2025.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record