IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| FITZGERALD MAYHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br>TOMOCREDIT, INC.,<br><br>Defendant. | ) | CASE NO.:<br>6:25-CV-1324-CEM-RMN |

**NOTICE OF PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANT TOMOCREDIT INC.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR FAILING TO ENGAGE IN DISCOVERY**

Defendant TOMOCREDIT, INC. ("Tomocredit") hereby moves for the imposition of sanctions against Plaintiff FITGERALD MAYHAN ("Plaintiff") pursuant to Federal Rule of Civil Procedure 37(b) for Plaintiff's failure to engage in discovery.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns Tomocredit's alleged violations of the Telephone Consumer Protection Action 47 U.S.C. § 227, *et seq.*, (hereinafter the "TCPA"), and the Florida Telephone Solicitation Act, § 501.059 (hereinafter "the FTSA"). Plaintiff initiated this lawsuit in July 2025 with the filing of a Class Action Complaint in the United States District Court for the Middle District of Florida.

On December 5, 2025, Tomocredit served discovery requests, including Interrogatories, Requests to Produce, and Requests for Admission, on Plaintiff. Plaintiff did not respond to these requests. Tomocredit and Counsel for Plaintiff, Joshua Eggnatz ("Eggnatz") conferred twice regarding extensions on producing discovery requests, including a twenty (20) day extension on January 5, 2026 and an additional seven (7) days on January 26, 2026.

On February 9, 2026, after being unable to reach the Plaintiff, despite Eggnatz's efforts, Eggnatz filed a motion to withdraw and identified Plaintiff's last known mailing address, email addresses, and telephone number. (*Dkt.* 32 at 2.). On February 27, 2026, the Court granted Eggnatz's motion to withdraw and reminded Plaintiff that "pro se litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida." (*Dkt.* 36. at 5.) and that "failure to respond to discovery requests as described in the rules may result in sanctions." See Fed. R. Civ. P. 37." (*Id.*).

Tomocredit, still with no response from Plaintiff, engaged in further efforts to confer regarding discovery, including: sending a Rule 37 good-faith notice letter via certified mail on March 27, 2026; sending emails to all three (3) email addresses provided to counsel for Plaintiff; calling Plaintiff at the number provided by Eggnatz

and leaving a voicemail asking to discuss discovery on March 31, 2026; and sending final follow-up set of emails and voicemail on April 14, 2026.

On April 16, 2026, Tomocredit filed a Motion to Compel, requesting the Court enter an Order that, among other things, direct Plaintiff respond within fourteen (14) days, and warn Plaintiff that continued non-compliance may result in sanctions, including dismissal. (*Dkt.* 38.). The Court issued an order on the same day taking the motion under advisement and ordering Plaintiff to file a response by May 4, 2026. (*Dkt.* 39.).

On May 7, 2026, Tomocredit filed a Notice to the Court that Plaintiff still had not responded to Tomocredit's Motion to Compel and submitting the Motion to Compel for adjudication. (*Dkt.* 41.).

On May 8, 2026, the Court entered an order Granting in part Tomocredit's Motion to Compel, requiring Plaintiff to respond to Tomocredit's discovery requests by June 8, 2026. Additionally, the Court cautioned Plaintiff that "a failure to respond to these discovery requests can result in sanctions, including dismissal of the case." (*Dkt.* 42.).

## II. LEGAL STANDARD

Pro se status does not excuse a party from complying with the Federal Rules or participating in discovery. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.

1989) ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant.")

If a motion for sanctions is granted, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Failure to respond to discovery may result in dismissal of the action should the pro se plaintiff fail to comply with the Court's orders. *See Clark v. Keen*, 346 Fed.Appx. 441, 442 (11th Cir. 2009) (where the court dismissed with prejudice a pro se action as a sanction for failure to comply with discovery orders); *see also Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113,116 (M.D. Fla. 1997) (holding that a pro se plaintiff's failure to comply with a discovery order "constituted sufficient grounds to dismiss [the] case" under Fed. R. Civ. P. 37(b)(2)(C) and (d), despite the plaintiff's claims that unproduced documents were irrelevant).

Plaintiff has not only failed to respond to the discovery requests from Tomocredit but has failed to comply with the Court's order requiring Plaintiff to respond to Tomocredit's motion to compel and to respond Tomocredit's discovery on or before June 8, 2026. Fed. R. Civ. P. 37(b)(2)(a)(v) specifically provides that a sanction for failure to obey a Discovery Order could include "dismissing the action

or proceeding in whole or in part[.]" The Court has already "cautioned [Plaintiff] that a failure to respond to these discovery requests can result in sanctions, including dismissal of the case[.]" (*Dkt.* 42.). Despite Plaintiff being informed of this fact, and being ordered multiple times to provide discovery responses or any information to this Court, he has failed to do so, without providing any explanation for his non-compliance to this Court or Tomocredit. After previous Orders have failed, there are no sanctions short of dismissal with prejudice that could suffice. *Shortz v. City of Tuskegee, Ala.*, 352 Fed.Appx. 355, 359-60 (11th Cir. 2009).

WHEREFORE, TOMOCREDIT requests that this Court issue an order granting its Motion for Sanctions and dismissing Plaintiff's action with prejudice. TOMOCREDIT also seeks an award of reasonable expenses, including attorney's fees associated with the filing of this motion and costs incurred.

FREEMAN MATHIS & GARY, LLP

Christian M. Gunneson
Florida Bar No. 123823
FREEMAN MATHIS & GARY, LLP
2502 North Rocky Point Drive, Suite 550
Tampa, FL 33607-1447
(813) 774-6363 (telephone)
christian.gunneson@fmglaw.com
*Attorney for Defendant TomoCredit Inc. d/b/a Tomo Card*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I filed the foregoing **MOTION FOR SANCTIONS** with the Clerk of Court for the United States District Court for the Middle District of Florida and served a true and correct copy upon Pro Se Plaintiff Fitzgerald Mayhan via U.S. Mail and email at the following addresses:

Plaintiff Fitzgerald Mayhan
7104 Forest City Rd., Unit 2
Orlando, FL 32810
elon1988@me.com
elon1988@icloud.com
fmayhan@gmail.com
Elon1988@me.com
Elon1988@icloud.com
(678) 543-4926

This 9th day of July, 2026.

Christian M. Gunneson
Florida Bar No. 123823
FREEMAN MATHIS & GARY, LLP
2502 North Rocky Point Drive, Suite 550
Tampa, FL 33607-1447
(813) 774-6363 (telephone)
christian.gunneson@fmglaw.com